United States District Court
Southern District of Texas
**ENTERED**
July 27, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIO CESAR CASTILLO,<br>(TDCJ #01849572) | § § § § | |
| Petitioner, | § § | |
| vs. | § § | CIVIL ACTION NO. H-23-1345 |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal Justice -<br>Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Julio Cesar Castillo, a Texas state inmate proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254, challenging his 2013 state-court conviction for aggravated assault on a child under the age of fourteen. (Dkt. 1). Respondent Bobby Lumpkin answered the petition with a motion to dismiss, together with a copy of the state-court records. (Dkts. 12, 13). Castillo has not filed a response, and his time to do so has now expired. Having considered Castillo's petition, the respondent's motion, all matters of record, and the applicable legal authorities, the Court determines that the petition should be dismissed for the reasons that follow.

## I. BACKGROUND

In 2013, the court found Castillo guilty after a bench trial of one count of aggravated sexual assault on a child under age fourteen in Harris County Cause Number 1194971. (Dkt. 13-1, pp. 153-55). On April 4, 2013, the court sentenced him to sixty years' imprisonment. (*Id.*). The First Court of Appeals affirmed his conviction and sentence on February 27, 2014. *See Castillo v. State*, No. 01-13-00326-CR, 2014 WL 810835 (Tex. App.—Houston [1st Dist.] Feb. 27, 2014, no pet.) (mem. op., not designated for publication). (Dkt. 13-9). Castillo did not seek discretionary review in the Texas Court of Criminal Appeals.

On June 9, 2014, Castillo filed an application for a state writ of habeas corpus, raising two claims of trial court error relating to his competency and two claims of ineffective assistance of trial counsel. (Dkt. 13-16, pp. 6-56). The Court of Criminal Appeals denied Castillo's application without written order on findings of the trial court without a hearing on March 25, 2015. *See Ex parte Castillo*, WR-82,890-01 (Tex. Crim. App. Mar. 25, 2015). (Dkt. 13-14).

On January 12, 2022, Castillo filed a second application for a state writ of habeas corpus, raising three claims of prosecutorial misconduct, one claim of trial court error, and a claim of newly discovered evidence. (Dkt. 13-18, pp. 5-24). The Court of Criminal Appeals dismissed Castillo's application without written order as noncompliant on March 9, 2022. *See Ex parte Castillo*, Writ No. 82,890-02 (Tex.

Crim. App. Mar. 9, 2022). (Dkt. 13-17).

On March 10, 2023, Castillo filed his petition for federal habeas corpus relief under 28 U.S.C. § 2254 in the District Court for the Eastern District of Texas.[1] (Dkt. 1). The petition was subsequently transferred to this Court. (Dkt. 2). Castillo's claims are difficult to decipher, but it appears he is raising claims of actual innocence, a lack of evidence, and his own lack of competence during the trial. (Dkt. 1, pp. 5-14). Castillo asks this Court to vacate his conviction and sentence and allow him to enter a plea bargain. (*Id.* at 15).

## II.   DISCUSSION

### A.   One-Year Limitations Period

Castillo's petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), which contains a one-year limitations period. *See* 28 U.S.C. § 2244(d). That one-year period runs from the "latest of" four accrual dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

---

[1] Castillo did not certify the date on which he placed his petition in the prison mail system for mailing so as to take advantage of the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988). The postmark on the envelope is illegible. (Dkt. 1, p. 16). Therefore, the Court will use the date that the petition was received by the Clerk for filing as the relevant date.

3

> State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Castillo's federal petition was filed on a standard form petition that sets out AEDPA's statute of limitations in full, giving Castillo notice of the limitations period and an opportunity to explain why his petition is not time-barred.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (providing that a court must assure that the parties have "fair notice and an opportunity to present their positions" before dismissing a *pro se* petition as barred by limitations).  Castillo did not provide any meaningful response to that question.  (Dkt. 1, pp. 13-14).  The respondent raised the timeliness issue in his motion to dismiss, (Dkt. 12, pp. 4-8), but Castillo did not respond to the motion.

The pleadings and matters of record show that Castillo's conviction became final for purposes of federal habeas review on Monday, March 31, 2014, the date on which his time to file a timely petition for discretionary review in the Court of

4

Criminal Appeals expired.[2] *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that a state court judgment becomes final for purposes of § 2244(d)(1)(A) "when the time for pursuing direct review . . . in state court[] expires"); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a defendant stops the appeal process before entry of a judgment by the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires"); *see also* TEX. R. APP. P. 68.2(a) (a petition for discretionary review must be filed within 30 days after the date the court of appeals' judgment was rendered). Hence, the deadline for Castillo to file a timely federal habeas petition was one year later, on March 31, 2015. But Castillo did not file his federal habeas petition until March 10, 2023—almost eight years after the one-year limitations period expired. His petition is therefore time-barred unless a later accrual date applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending is not counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4, 5 (2000). Castillo filed his first state habeas application on June 9, 2014—before the expiration of the

---

[2]The First Court of Appeals issued its decision on February 27, 2014. (Dkt. 13-9). The thirtieth day after that was Saturday, March 29, 2014. Under Texas Rule of Civil Procedure 500.5(a)(3), the time to file a timely pleading was extended to the next day that was not a Saturday, Sunday, or legal holiday, which would have been Monday, March 31, 2014. *See also* FED. R. CIV. P. 6(a)(1)(C) (providing the same calculation for extending time).

5

federal limitations period—and it was denied on March 25, 2015. Castillo is therefore entitled to 289 days of statutory tolling due to the pendency of his state habeas application, extending the limitations period for his federal habeas petition until January 14, 2016. But Castillo's federal habeas petition was filed March 10, 2023—almost seven years outside the limitations period even accounting for statutory tolling. His claims are therefore time-barred, even after considering statutory tolling, unless another exception applies.

Castillo filed a second application for a state writ of habeas corpus on January 12, 2022. (Dkt. 13-18). This application, filed almost six years after the federal limitations period had already expired, does not extend the already expired limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Castillo's federal petition is therefore time-barred unless another exception applies.

But the pleadings do not disclose any other basis for statutory tolling. Castillo has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before the expiration of the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B). He has not alleged facts to show that his claims are based on a newly recognized constitutional right. *See* 28 U.S.C. § 2244(d)(1)(C). And he has not alleged facts to show that the factual basis for his claims could not have been timely discovered if he had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). As a result, there is no statutory basis to allow Castillo to avoid the effect of the

limitations period.

### B. <u>Equitable Tolling</u>

In some instances, equitable tolling can extend the limitations period. Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable." *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies only "in rare and exceptional circumstances"). A "[habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Neither lack of knowledge of the law or filing deadlines nor layman status excuses delay. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th

Cir. 2009) (per curiam).

Castillo has neither alleged nor pointed to facts that would support a claim for equitable tolling. Castillo has been aware of the alleged deficiency in the State's evidence since his trial. And while he alleges that he was not competent during the trial, these claims were raised in his first state habeas application, in which he represented himself in a competent manner. Castillo does not allege that he has suffered from any further period of incompetence that would have prevented him from filing a timely federal petition in 2015. In short, Castillo does not adequately explain his long delay in pursuing his rights, and equitable tolling does not apply to those who "sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Castillo is not entitled to equitable tolling of the limitations period. His petition is untimely unless another exception applies.

### C. <u>Actual Innocence</u>

A final basis for an exception to the federal limitations period is a claim of actual innocence. Actual innocence, if proven, may excuse a failure to comply with the federal limitations period and provide a "gateway" to review otherwise time-barred claims. *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). This exception requires the habeas petitioner to present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[H]owever, . . . tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggen*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

In determining whether the proffered evidence is "new," the Court must consider whether the evidence was available to the petitioner or his counsel at the time of trial. *See Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018). "Evidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Id.* (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)); *see also Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998) (evidence whose "essence or character" was available to be presented at trial is not "new" for purposes of an actual-innocence claim). In addition, the new evidence must bear on the petitioner's factual innocence, not the legal insufficiency of the State's evidence. *See Bousely v. United States*, 523 U.S. 614, 623-24 (1998). To establish actual innocence, the petitioner must demonstrate that in light of all the evidence, including the new evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* at 623 (quoting *Schlup*, 513 U.S. at 328).

9

While Castillo generally alleges in his petition that he is innocent of the charge against him, he does not identify any new evidence that was not presented at trial to support this claim. His contention that he did not touch his niece in the way she claimed was available to be presented, and in fact was actually presented, at trial. (Dkt. 13-6, pp. 8-11). It does not qualify as "new" under the *Schlup* standard. *See Lucas*, 132 F.3d at 1074 (evidence whose "essence or character" was available to be presented at trial is not "new" for purposes of an actual-innocence claim). Therefore, Castillo has failed to satisfy the demanding *Schlup* standard for actual innocence and does establish this as an exception to the federal habeas limitations period. His petition is untimely and will be dismissed.

## III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under § 2254 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. To be entitled to a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004) (quoting *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000)). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (quoting *Slack*, 529 U.S. at 484). When the denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

Because Castillo has not shown that reasonable jurists would find the Court's resolution of the constitutional issues debatable or wrong, this Court will not issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion to dismiss, (Dkt. 12), is **GRANTED**.

2. Castillo's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** with prejudice as untimely.

3. Any other pending motions are **DENIED** as moot.

4.  A certificate of appealability is **DENIED**.

The Clerk shall also send a copy of this Order to the parties.

SIGNED at Houston, Texas, on _____July 27_____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE